IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE JESUS CORTEZ,

    Petitioner,               No. CIV-S-12-0774 WBS GGH P

    vs.

UNITED STATES OF AMERICA, et al.

    Respondents.          <u>ORDER AND</u>

    _____/   <u>FINDINGS AND RECOMMENDATIONS</u>

        This is a petition made pursuant to 28 U.S.C. § 2241 to void a criminal judgment. For the reasons that follow, the undersigned recommends that the petition be summarily dismissed.

        At the outset, the undersigned notes that this petition is virtually identical to one filed on February 13, 2012 by petitioner Skeets Dolphus in case no. 12-cv-0364 GEB GHH P. On March 13, 2012, the undersigned recommended that Mr. Dolphus' petition be summarily dismissed. <u>See</u> Case No. 12-cv-364 GEB GGH P, Doc. No. 6. The current petition, filed by Mr. Cortez, is dated March 19, 2012.

        Petitioner appears to allege that he is a federal prisoner illegally detained because 18 U.S.C. § 3231 was not validly passed by Congress in 1948, because the House of Representatives did not have a quorum present for its vote on the Senate's amended version of

1

the bill.[1]  See Doc. No. 1 at 8, 16.  He seeks to void his criminal judgment under 28 U.S.C. § 2241 and Federal Rule of Civil Procedure 60(b)(4), as well as the judgments of other similarly situated prisoners using the class action format of Federal Rule of Civil Procedure 23.  The petition does not provide any details of petitioner's own conviction and sentence, reading instead that petitioner "was charged with crimes over which the court had no jurisdiction."  See Doc. No. 1 at 11.[2]

Generally, motions to contest the legality of a sentence must be filed under 28 U.S.C. § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to 28 U.S.C. § 2241 in the custodial court.  See Hernandez v. Campell, 204 F.3d 861, 864 (9th Cir. 2000).  One exception to this general rule arises under the savings clause of § 2255: where a federal prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention," a federal prisoner may file a habeas petition pursuant to § 2241 to contest the legality of his sentence.  Id. at 864-65.  Petitioner in this case alleges that his sentence is void because the sentencing court lacked jurisdiction to enter it, which allegation represents a clear challenge to the legality of the sentence falling squarely within the scope of a motion to vacate under 28 U.S.C. § 2255:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the

---

[1]  18 U.S.C. § 3231 reads, in relevant part, that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the court of the States, of all offenses against the laws of the United States."

[2]  The court has independently determined that, on March 28, 2011, petitioner pled guilty in the Southern District of California to felony violation of 8 U.S.C. § 1326, attempted entry after deportation.  See United States District Court for the Southern District of California, Docket No. 10-cr-0257 BEN, ECF No. 30.  Petitioner, who was represented by appointed counsel, did not enter into a plea agreement.  Id.  On November 21, 2011, petitioner was sentenced to 77 months, and judgment was subsequently entered on December 2, 2011.  See id., ECF Nos. 39, 40.

On December 15, 2011, petitioner filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit, and that appeal is currently pending.  See U.S. Court of Appeals for the Ninth Circuit, Docket No. 11-50531.  On March 29, 2012, petitioner's appointed counsel filed the opening appeal brief.  Id.

> sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence....may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

Plaintiff does not explain or otherwise provide any information about why he chose to file a petition under 28 U.S.C. § 2241 in the custodial court, rather than a motion under 28 U.S.C. § 2255 in his sentencing court.  In light of the availability of a remedy under § 2255, this court finds that the savings clause does not apply and that it lacks jurisdiction to adjudicate plaintiff's § 2241 petition.  See Hernandez v. Campell, 204 F.3d at 865.

In addition, the plaintiff additionally seeks to vacate his criminal conviction under Rule 60.  Rule 60 is a federal rule of CIVIL procedure, and may not be used to collaterally attack criminal judgments.  See Fed. R. Civ. P. 1 (stating that "these rules govern the procedure....in all suits of a civil nature"); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case....").

Furthermore, the petitioner's direct, counseled appeal of his judgment and sentence is currently pending, and the Ninth Circuit has previously ruled that "[a] district court *should not* entertain a habeas corpus petition while there is an appeal pending in [the Court of Appeals] or in the Supreme Court".  Feldman v. Henman, 815 F.2d 1318, 1320 (9th Cir. 1987) (emphasis in original).

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (the "Habeas Rules") provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain from the petition and appended exhibits that this court lacks jurisdiction to adjudicate the petition.  Therefore, the petition should be summarily dismissed.  See Habeas Rules 1(b) (habeas rules applicable to petitions not filed under 28 U.S.C. § 2254).

\\\\\

1   Because the petition presents no basis for relief, the court does not address
2 petitioner's related requests to maintain this petition as a class action and to appoint counsel for
3 the class.
4   In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the
5 Court is directed to serve a copy of the petition filed in this case together with a copy of these
6 findings and recommendations on: (1) the United States Attorneys for the Eastern and Southern
7 Districts of California; and (2) petitioner's appointed counsel, Robert Carriedo, Law Offices of
8 Robert Carriedo, 105 West F Street, 3rd Floor, San Diego, California, 92102-6036.
9   IT IS HEREBY RECOMMENDED that petitioner's application for a writ of
10 habeas corpus be summarily dismissed.
11   These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
13 days after being served with these findings and recommendations, petitioner may file written
14 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
15 Findings and Recommendations."  Any response to the objections shall be filed and served
16 within fourteen days after service of the objections.  Petitioner is advised that failure to file
17 objections within the specified time may waive the right to appeal the District Court's order.
18 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
19 DATED: April 24, 2012

   /s/ Gregory G. Hollows
   UNITED STATES MAGISTRATE JUDGE

ggh:rb
cort0774.156b